UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ELMER L. ELEY,                )
                              )
    Plaintiff,                )
                              )
vs.                           )  Civil Action No. CV-97-S-0306-M
                              )
INLAND BEHAVIORAL SERVICES    )
INC., AND DOES 1 through 20,  )
                              )
    Defendants.               )

Entered 05/05/97

## MEMORANDUM OPINION

This action is before the court on the motion to dismiss or, in the alternative, for transfer of venue filed by defendant, Inland Behavioral Services, Inc. Defendant claims this court lacks jurisdiction. Alternatively, defendant asserts that if the court does have jurisdiction, then venue is improper because all matters relevant to the action occurred in the State of California. Plaintiff, who appears *pro se*, objects both to dismissal and to transfer.

### I.  DISCUSSION

**A.  Subject Matter Jurisdiction**

Federal courts are not courts of general jurisdiction, and may only hear cases which are before them under the authority of Article III of the Constitution, or under statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 132, 89 L.Ed.2d 501 (1986). Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff does not present any claims arising under federal laws. Plaintiff has sufficiently alleged facts, however, that establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in excess of $75,000. He alleges that defendant is a California corporation.[1] Although plaintiff inadvertently alleged his Alabama residence, instead of citizenship, see *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)("[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person"), he corrected that error by alleging that "[p]laintiff is a citizen of Alabama" in his response to the subject motion. (Plaintiff's Response, at 1.) Thus, plaintiff has sufficiently established diversity jurisdiction under 28 U.S.C. § 1332.

**B. Personal Jurisdiction**

Defendant claims that it "was not subject to personal jurisdiction at the time this action was commenced in this judicial district or in the State of Alabama." (Defendant's Motion, ¶ 2.) When there is no evidentiary hearing on a defendant's motion to dismiss for lack of personal jurisdiction, plaintiff must establish a *prima facie* case[2] of personal jurisdiction over the nonresident

---

[1] The affidavit of Temetry Lindsey (Chief Executive Officer and President of Inland Behavioral Services, Inc.), also establishes that defendant is incorporated, and has its principal place of business, in California. (Lindsey Affidavit, ¶ 3.)

[2] "'A prima facie case ... consists of sufficient evidence ... to get plaintiff past a motion for directed verdict in a jury case or motion to dismiss in a nonjury case. It is the evidence necessary to require the defendant to proceed with his case.'" *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1504 n.2 (11th Cir. 1984)(citations omitted).

2

defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Facts alleged in the complaint must be accepted as true to the extent they are uncontroverted by defendant's affidavits. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). If the parties' evidence conflicts, the court must construe all reasonable inferences in favor of plaintiff. *Id.*

The determination of whether a defendant is amenable to a forum's jurisdiction requires a two-part analysis. *Alexander v. Proudfoot, Co.*, 877 F.2d 912, 919 (11th Cir. 1989). First, the district court must examine the jurisdictional issue under the long-arm statute of the state in which the district court sits. Alabama's long-arm jurisdictional statute authorizes a court to assert personal jurisdiction to the limits of federal due process. *See Alabama Power Co. v. VSL Corp.*, 448 So.2d 327, 328 (Ala. 1984); *DeSotacho, Inc. v. Valnit Industries Inc.*, 350 So.2d 447, 449 (Ala. 1977). Second, the court must ascertain whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend the 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)(quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

Unilateral action by plaintiff cannot create the requisite "minimum contacts." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *World-Wide Volkswagen Corp. v.*

3

*Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Rather, defendant must perform "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985).

It is undisputed that defendant does not do business in Alabama. Defendant asserts that: it does not do business or provide any services outside of San Bernardino County, California; and, all services provided by plaintiff for defendant were performed in that same county. (Lindsey Affidavit, ¶¶ 3, 5.) The only contact between defendant and the State of Alabama is plaintiff's allegation that he and defendant have engaged in long distance telephone calls after he moved to Alabama, and he provided "[c]onsultations" during some of those telephone conversations. (Plaintiff's Response, at 2).

A generalized reference to interstate contacts via telephone communications, without more, is insufficient to satisfy due process requirements. *See Nicholas v. Buchanan*, 806 F.2d 305, 307 (1st Cir. 1986), *cert. denied*, 481 U.S. 1071, 107 S.Ct. 2466, 95 L.Ed.2d 985 (1987)("Nor do we believe that Nicholas' generalized reference to inter-state contacts 'via telephone communications' and via 'U.S. mail,' without more, is sufficient to satisfy due process requirements"); *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985), *cert. denied*, 475 U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 187 (1986)("ordinarily 'use of the mails, telephone, or other

4

international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state'")(citations omitted); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985)(mere solicitation of business through visits, telephone calls, and telexes to forum state does not support general jurisdiction); *Sculin Steel v. National Railway Utilization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982)(use of the telephone and mail are insufficient to establish minimum contacts with forum state); *Lakeside Bridge & Steel v. Mountain State Construction*, 597 F.2d 596, 604 (7th Cir. 1979), *cert. denied*, 495 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980)(requirements of minimum contacts not satisfied merely because there were interstate telephone calls and written correspondence between the parties). Plaintiff has not specifically alleged or identified any other contacts between defendant and Alabama that would constitutionally permit assertion of personal jurisdiction in this case. Accordingly, the complaint is due to be dismissed.

## II. CONCLUSION

For the foregoing reasons, this court concludes it lacks personal jurisdiction over defendant and, therefore, the complaint is due to be dismissed. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 5th day of May, 1997.

United States District Judge